*454 OPINION.
Opper:
Petitioner contests a part of the deficiency determined by respondent with respect to normal tax on the ground of his erroneous refusal to permit it to deduct an item of $18,000 which it refunded to its subscribers in the taxable year; and with respect to the surtax on undistributed profits on the ground that it was entitled to a credit up to the full amount of its undistributed income pursuant to the provisions of section 26 (c) (1), Revenue Act of 1936.
Respondent apparently agrees that the $18,000 item raises an issue identical with one previously decided by an unpublished Board decision in petitioner’s favor and from which an appeal to the Circuit Court of Appeals for the Sixth Circuit was dismissed on November 10, 1939. Petitioner contends that the point is therefore res judicata in its favor. Since the contrary is not argued by respondent in his brief, we regard it as conceded. Accordingly this item is determined in favor of petitioner on the ground of its prior adjudication and without reexamination on the merits in this proceeding.
The issue with respect to the undistributed profits tax credit, in so far as it involves the concept of petitioner’s corporate charter as a contract incorporating state statutes prohibiting the payment of dividends by deficit corporations, is determined in favor of respondent upon the authority of Helvering v. Northwest Steel Rolling Mills, Inc., 311 U. S. 46, and Crane-Johnson Co. v. Helvering, 311 U. S. 54.
Petitioner seeks to bring itself within 26 (c) (1) for the further reason that its bond indenture, a written contract, contained a pro *455 vision that petitioner would not declare or pay any dividends “except out of net earnings”; and also that there was at the time outstanding an order of the state Public Utilities Commission directing that petitioner “cease and desist from declaring, distributing and paying dividends * * * until and as the same are available from its corporate net operating income.” This, argues petitioner, prevented it from paying dividends because of a requirement of the same indenture that there be “proper observance of all the covenants hereof”, one of which was “that it will comply with all lawful statutes, acts and regulations.”
Without attempting to consider what would be the result if either the indenture or the commission’s order unconditionally forbade the declaration of dividends, cf. G. B. R. Oil Corporation, 40 B. T. A. 738, it will suffice here to note that both indenture and order limit their scope to the availability of corporate net operating income or net earnings. No suggestion is made that there were no such earnings, after deduction of all current items of expense, or that these were insufficient to declare the entire amount of dividends necessary for petitioner to obtain the dividends paid credit. Indeed, that it had such earnings is apparent from the stipulated facts and the normal tax to which it was concededly subject. See Long Beach Improvement Co., 5 B. T. A. 590. If they were not “available” the most that could be suggested is that deficits inherited from prior years, perhaps the result of unauthorized dividend declarations in the past, had to be offset before there could arise an earned surplus. No doubt this situation effectually circumscribed petitioner’s action in declaring any dividend. But it seems to us this clearly resulted, not from the terms of the relevant documents[2] but from the same fundamental situation that existed in the Northwest and Crane-Johnson cases, supra, namely, that accepted principles of corporation lawT as embodied in the state statutes preclude the payment of dividends in the absence of a corporate surplus. This was no more the result here than it was in those cases of any provision of a written contract expressly dealing with the declaration of dividends.
Bespondent’s determination, in so far as it disallowed the deduction under section 26 (c) (1) is approved.
Beviewed by the Board.

Decision will be entered wider Rule 50.

 There is no reason to assume that indenture or order was concerned with an accumulated deficit. The indenture requires payment only of current items, such as interest; and the purpose of the order appears with sufficient clarity from the citation which preceded it. It is there charged that “the commission has cause to believe and finds that the directors and officers of the said Warren Telephone Company are preparing to and will, unless prevented, declare and pay further unearned dividends.”